UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.F.N., by her Parent and Natural Guardian,
Dinorah Nouel-Peguero,

                        Plaintiff,

       -v-

UNITED STATES OF AMERICA,

                        Defendant.

No. 22 Civ. 8075 (PAE)

**STIPULATION FOR
COMPROMISE SETTLEMENT
AND RELEASE**

WHEREAS, on September 21, 2022, Plaintiff A.F.N., an infant,[1] by her parent and natural guardian, Dinorah Nouel-Peguero ("Plaintiff"), filed a complaint commencing the above-captioned action (the "Action") against Defendant the United States of America ("the United States"; collectively with Plaintiff, the "parties"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671–80, Dkt. No. 1;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and the United States, through their respective counsel, that the Action shall be settled and compromised on the following terms and conditions:

      1.     Plaintiff agrees to withdrawal her second cause of action for negligent hiring and supervision, leaving solely a claim of medical malpractice on behalf of Plaintiff.

      2.     The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the Action under the terms and conditions set forth in this this Stipulation for Compromise Settlement and Release (the "Stipulation").

---

[1] Pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure, the infant plaintiff is identified herein only by her initials.

3.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or any of its present or former departments, agencies, agents, officials, or employees, including deemed employees as defined in 42 U.S.C. § 233, and it is specifically denied that they are liable to the Plaintiff.   This Stipulation is entered into by the parties hereto for the purpose of compromising disputed claims under the FTCA and avoiding the expenses and risks of further litigation.

4.      In consideration for Plaintiff's agreement to accept the terms and conditions of this Stipulation, the United States agrees to pay to Plaintiff the total sum of fifty thousand dollars ($50,000.00) (the "Settlement Amount").   The Settlement Amount shall be in full settlement, release and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, interest, costs, and expenses, arising from, or by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which Plaintiff or her heirs, executors, administrators, or assigns now have or may hereafter acquire against the United States, or any of its present or former departments, agencies, agents, officials, or employees (including deemed employees as defined in 42 U.S.C. § 233), arising from or related to the events, circumstances, or incidents giving rise to the Action and all claims incident thereto, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned Action that could have been but were not alleged in this Action.

5.      The Settlement Amount is inclusive of all costs or attorneys' fees of any kind, in accordance with 28 U.S.C. § 2678, and all liens or claims for payment or reimbursement, including a lien in favor of the New York State Medicaid Program identified by Plaintiff (the

"Medicaid Lien"), and any other liens, attorneys' fees, and disbursements are to be satisfied by Plaintiff out of the Settlement Amount and not in addition thereto.   Pursuant to 28 U.S.C. § 2678, counsel for Plaintiff may not charge, demand, receive, or collect fees in excess of 25% of the Settlement Amount.

   6. Plaintiff and her guardians, heirs, executors, administrators, or assigns agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including claims for wrongful death, that they may have or hereafter acquire against the United States or any of its present or former departments, agencies, agents, officials, or employees (including deemed employees as defined in 42 U.S.C. § 233), arising from or related to the events, circumstances, or incidents giving rise to this Action and all claims incident thereto.   Plaintiff hereby expressly releases and forever discharges the United States and any of its present or former departments, agencies, agents, officials, or employees (including deemed employees as defined in 42 U.S.C. § 233), from any and all claims and liabilities arising directly or indirectly from the events, circumstances, or incidents giving rise to this lawsuit and all claims incident thereto.   Plaintiff and her guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States and any of its present or former departments, agencies, agents, officials, or employees (including deemed employees as defined in 42 U.S.C. § 233) from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators, or assigns against any third party or against the United States, including claims for wrongful death.

7.      Plaintiff stipulates and agrees that she is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by private insurance companies, Medicaid, or Medicare, arising from the injuries that are the subject matter of this Action. Plaintiff stipulates and agrees that she will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including but not limited to private insurance companies, Medicaid, and Medicare.  Plaintiff and her attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this Action and, as of the date they sign this Stipulation, located only the Medicaid Lien.  Plaintiffs and their counsel agree that, no later than 30 days from the date the Medicaid Lien, or any other past, present, or future lien or claim for payment or reimbursement, is paid or resolved by Plaintiff, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim.  The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's counsel representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

8.      As to any currently known liens or claims for payment or reimbursement, including the Medicaid Lien and any other liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the Action, whether disputed as legally valid or not, Plaintiff stipulates and agrees that her attorneys (i) will escrow in the attorneys' client trust account the total aggregate amount being claimed by any individual, entity, or governmental

4

body based on a lien or claim for payment or reimbursement, and (ii) will not disburse to Plaintiff any of the amount being held in escrow until all such liens and claims for payment or reimbursement have been satisfied or resolved.

9.      Plaintiff further agrees to protect, indemnify, defend, and hold harmless the United States, including its present or former departments, agencies, agents, officials, and employees (including deemed employees as defined in 42 U.S.C. § 233), from any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses arising from or related to the events, circumstances, or incidents giving rise to this Action and all claims incident thereto, including any claims arising from the assignment of claims or liens upon the Settlement Amount. Plaintiff further agrees to reimburse or advance, at the option of counsel for the United States, any expense or cost that may be incurred incident to or resulting from such further litigation or the prosecution of claims by Plaintiff or her counsel against any third party.

10.      Plaintiff and her counsel understand that taxes will not be withheld from the Settlement Amount. Plaintiff shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiff executes this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiff agrees that she is responsible for the payment of all taxes that may be associated with this settlement. Plaintiff represents and warrants that she shall assume all responsibility for, and shall protect, indemnify, defend, and hold harmless the United States, including its present or former departments, agencies, agents, officials, and employees (including deemed employees as defined in 42 U.S.C. § 233), from and against any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses resulting from any liability or claim of liability for any

5

amounts assessed by or due to any federal, state, or local government or agency thereof, including, but not limited to, any liens of any kind (including but not limited to workers' compensation liens, medical liens, tax liens, or child support liens), and federal, state, and local taxes, if any, owed in connection with the payment of the Settlement Amount to Plaintiff. Nothing in this Stipulation constitutes a characterization by the United States of the amounts paid hereunder for purposes of any proceeding under Title 26 of the U.S. Code (the Internal Revenue Code).

11.    Plaintiff's counsel represent and warrant that they are and have been the only attorneys representing Plaintiff in the litigation of this Action and will protect, indemnify, defend and hold harmless the United States from and against any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses resulting from any amounts claimed by any other attorney for any services rendered in the litigation of this Action, and Federal, State, and local taxes, if any, owed in connection with the payment of attorneys' fees to it.

12.    The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any terms, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.

13.    This Stipulation shall be binding upon and inure to the benefit of the parties and their principals, agents, representatives, heirs, successors, and assigns.   Each signatory to this Stipulation hereby represents and warrants that he or she has the requisite authority to enter into

6

this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.  Plaintiff acknowledges that she enters into this Stipulation freely and voluntarily.  Plaintiff further acknowledges that she has had sufficient opportunity to discuss this Stipulation with her attorneys, who have explained the documents to Plaintiff, and that Plaintiff understands all of the terms and conditions of this Stipulation.

14.    Plaintiff must obtain at her expense an Order by a court of competent jurisdiction approving the terms of the Stipulation on behalf of A.F.N., an infant.   The terms of any such Order must be approved by the United States prior to the submission of the Order to any reviewing Court, and the Order signed by such Court cannot be changed by the Court or Plaintiff without the prior written consent of the United States.   Any change to the terms of the Order without the prior written consent of the United States shall render this settlement null and void. Payment of the Settlement Amount shall be made to Plaintiff and her counsel only after execution by the parties and entry by the Court of this Stipulation, and after the entry of an Order approving the terms of the settlement by a court of competent jurisdiction.   Plaintiff further agrees that the United States may void this settlement at its option in the event any such court Order is not timely obtained with respect to each person being required to sign this Stipulation, time being of the essence.   In the event Plaintiff fails to obtain such an Order, or any such Order she obtains fails to comply with the terms and conditions of this paragraph, the entire Stipulation and the compromise settlement are null and void.

15.    The payment of the Settlement Amount is subject to the availability of sufficient funds in the special account for community health center settlements and judgments to pay the entire Settlement Amount at one time.   42 U.S.C. § 233(k).

7

16.    After counsel for the United States receives (1) this Stipulation, signed by all parties; (2) a court Order approving the settlement on behalf of A.F.N. and apportioning proceeds; and (3) the Social Security numbers or tax identification numbers of Plaintiff and her counsel, counsel for the United States will send a formal request to the Health Resources and Services Administration, United States Department of Health and Human Services, requesting that the Settlement Amount be processed to be paid by electronic funds transfer ("EFT") to Plaintiff's counsel as attorneys for A.F.N., using EFT instructions provided by Plaintiff's counsel.

17.    Plaintiff, upon receiving notice from the United States Attorney's Office for the Southern District of New York that the Settlement Amount has been processed, shall cause her counsel to file with the United States District Court for the Southern District of New York a stipulation of dismissal of this Action in its entirety with prejudice as to the United States pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with each party to bear its own costs, expenses, and fees, and the district court not retaining jurisdiction over this Action, this Stipulation, or the United States.   Upon the filing of such stipulation of dismissal, the United States Attorney's Office for the Southern District of New York shall transmit or cause to be transmitted to Plaintiff's counsel the Settlement Amount.

18.    Plaintiff's counsel agrees to distribute the settlement proceeds as directed in the infant compromise order entered by the Court, after first paying or resolving the Medicaid Lien and any other lien or claim for reimbursement or payment for which Plaintiff has agreed to be legally responsible under the terms of this Stipulation.

19.    The parties agree that this Stipulation, including all its terms and conditions, will be made public in its entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

20.    Plaintiff and the United States understand and agree that this Stipulation contains the entire agreement between them and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.   Moreover, the rule of construction to the effect that any ambiguities in this agreement are to be resolved against the drafting party shall not be employed in the interpretation of this agreement.

21.    It is contemplated that this Stipulation may be executed (including, without limitation, by facsimile or electronically scanned signature) in several counterparts, with the same effect as if the parties had signed the same document.   Each counterpart shall be deemed to be an original and constitute one document.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated:  9/23/24
New York, New York

MICHELSTEIN & ASHMAN, PLLC
*Counsel for A.F.N.*


By: _____
RICHARD A. ASHMAN
485 Madison Avenue, Suite 1600
New York, New York 10022
Tel.: (212) 588-0880


_____
DINORAH NOUEL-PEGUERO
On behalf of A.F.N., a minor


Dated:  9/25/24
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Counsel for the United States of
America*


By: _____
ALYSSA B. O'GALLAGHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822

10